**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERETTA MATTHEWS,

Plaintiff,

CASE NO. 05-74427
HON. LAWRENCE P. ZATKOFF

v.

MATT HOLLINGSWORTH dba
SPS/SELECT PORTFOLIO SERVICING, INC.,
ET. AL.,

Defendants.

_______________________________________/

**ORDER REMANDING TO STATE COURT AND AWARDING COSTS**

## I. INTRODUCTION

This matter is before the Court on Defendant Select Portfolio Servicing's Motion to Remand to State Court and For Payment of Costs and Expenses. Pro se Plaintiff Veretta Matthews has not responded, though she has filed two subsequent motions: a Motion to Strike Defendant's Motion to Quash Foreign Judgment, and a Motion For Assistance of Unfettered Counsel. For the following reasons, Defendants' Motion to Remand to State Court and For Payment of Costs and Expenses should be GRANTED.

## II. ANALYSIS

Plaintiff filed the present action in state court on October 4, 2005 seeking to enforce a "foreign judgment" of $44,606,186.28 against Defendants. On November 3, 2005, Wayne County Circuit Court Judge Cynthia Diane Stephens issued an Order to Show Cause directing Plaintiff to show cause why she should not be held in civil and/or criminal contempt for filing false documents

with the court and why Defendants' Motion to Dismiss should not be granted. The court scheduled a hearing for November 21, 2005.

On November 21, 2005, shortly before the hearing was scheduled to take place, Plaintiff filed a Notice of Removal, thereby removing the case to federal court. By the present motion, Defendants assert that Plaintiff's Notice of Removal was improper because a plaintiff is not entitled to remove his case to federal court pursuant to 28 U.S.C. § 1441. The Court agrees.

28 U.S.C. § 1441(a) states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may be removed by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending. [emphasis added.]

Because § 1441(a) only permits defendants, and not plaintiffs, to remove their cases to federal court, the Court finds that Plaintiff's case was improperly removed. Accordingly, Defendants' Motion to Remand to State Court should be granted.

Next, the Court addresses Defendants' Motion For Payment of Costs and Expenses. Defendants rely on 28 U.S.C. § 1447(c) and request an award of $2,456.96 for costs and attorney fees. Defendants are correct that 28 U.S.C. § 1447(c) permits such an award. 28 U.S.C. § 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because Plaintiff filed the present Notice of Removal in direct violation of 28 U.S.C. § 1441, the Court finds that an award of costs is appropriate in the present case. After reviewing Defendants' billing records and because an award of costs is to be limited to the costs "incurred as a result of the removal," the Court finds that

Defendants should be awarded costs of $724.98.[1] *See* Exhibit 6, Defendants' Bill of Costs.

**III. CONCLUSION**

For the above reasons, the Court HEREBY GRANTS Defendants' Motion to Remand to State Court and For Payment of Costs and Expenses. The Court HEREBY REMANDS the present action to state court and HEREBY ORDERS Plaintiff to pay Defendants' costs of $724.98.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 5, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

[1] $724.98 represents the sum of Defendants' billing entries for November 29, 2005.